CLARA L. SANDS, a lunatic, by Elizabeth R. Sands, her next friend,

*v.*

FRANK RUDDICK et al.

[Decided October 25th, 1916.]

Under the facts in this case—*Held*, that the purchaser of land at sheriff's sale under execution should reconvey the land to the judgment debtor on terms, as the debtor was insane when the transaction on which the judgment, execution and sale were founded was consummated.

On bill, answer, replication and proofs taken in open court.

*Messrs. Hunziker & Randall,* for the complainant.

*Mr. William J. Morrison, Jr.,* for the defendants.

LEWIS, V. C.

The complainant, by Elizabeth R. Sands, her daughter, as guardian of her mother, an adjudged lunatic, files a bill to compel the defendant Ruddick to reconvey certain real estate in Ridgewood. Ruddick, a neighbor of the Sands, purchased the property at sheriff's sale in Hackensack, in July, 1914. It was sold upon a judgment recovered against the lunatic by Phillips and others for a sum less than $500. Ruddick bid it in at the sale for $500. The evidence indicates the property to be worth in the neighborhood of .$10,000, subject, however, to a mortgage of $3,500. It was the home of Clara L. Sands, and the next door was the abode of Ruddick. The sale was attacked by the former upon an order to show cause why it should not be set aside for irregularities in levy, inadequacy of price, fraud and collusion on the part of the purchaser and mistake on the part of the complainant. The rule was dismissed by Judge Seufert of the Bergen common pleas, and on a review by *certiorari* Mr. Justice

Parker dismissed the writ. The sheriff's deed was then delivered, and the purchaser brought ejectment proceedings to obtain possession of the premises. Judgment was secured by default, and a writ for possession was issued. Clara L. Sands then filed a bill in this court praying that the deed be set aside, and an *ex parte* order to show cause with restraint was allowed. ' The defendant, on the return of the order, asked that the complainant's bill be dismissed. When this stage had been reached, the daughter of Clara L. Sands filed a bill in the present action asking that the deed be set aside for the reasons stated in the bill filed by her mother, and on the further ground that her mother had been a lunatic for a long time and was incompetent to protect her property at the time of the sale. It was agreed at the trial of the cause before me that the complainant is ready and willing to reimburse the defendant for his outlay up to the time of the filing of the bill herein, and that a tender had been made before the institution of the suit, but that the defendant is not willing to accept the same.

All questions suggested by the complainant's bill, other than the one of lunacy, appear to have been litigated in the law courts, and little, if any, testimony was offered on these points before me. Mrs. Sands is now confined in an institution for the insane at Middletown, New York, where she was committed, after this suit was started, in September, 1915, a commission having been appointed which declared her insane.

It is true that Frank N. Stevens, a well-known real estate dealer of Ridgewood, was permitted to testify without objection that the value of the property was $10,000. His evidence was uncontradicted, and on cross-examination of the defendant Ruddick, it was shown that he had knowledge of the peculiar conduct of Mrs. Sands. I may say, however, in passing, that I am inclined to the view that the judgment of the court of common pleas and the supreme court operated as an estoppel on all these matters which were at issue and disputed, and upon which a finding was rendered in these tribunals; and that the sole question before this court was the one of the incompetency of the complainant. On this question considerable evidence was taken before me, and there are many exhibits. Several of the neighbors

and acquaintances of Mrs. Sands told of her unusual conduct
and delusions that people were conspiring to take her property;
it was not merely of eccentric conduct that they testified; they
appear to be convinced that she had been of unsound mind for
some years.   There was, of course, no evidence of Mrs. Sands'
condition in this regard offered in the law courts.  .The testi-
mony before me discloses the fact that Mrs. Sands, as early as
1904, was confined in the New York State Asylum at Flushing,
.by an order of the courts of New York, and, .subsequently, she
was in another institution.   She was sent to both places at the
instance of her daughter, who was her guardian in the present
action.   She was released from these institutions because of the
burden of expense, and also in the hope that she might be im-
proved.   (See testimony of Miss Elizabeth Sands.)   She soon
became unmanageable again after her release; and the testimony
is that she would bite herself, tear her hair, run around the house
unclad and exhibit the greatest violence without cause towards
her daughter and others.   During the last few years of her resi-
dence at Ridgewood her family and neighbors testified that at
one time she had ideas of losing everything; at another, her
mental condition would change, and she imagined she had vast
wealth.   At one time she was in fear of becoming a public charge,
and at another she thought she was very wealthy; and this delu-
sion was manifested by purchasing expensive articles in New
York City, staying at the leading hotels with no means to pay the
bills.   The witnesses and her letters further unfold her delusion
as to her influence with high public officials, from the president
of the United States down; and of her ability, through these
sources, to combat her enemies.   These delusions as to her pov-
erty, riches and far-reaching influence with public officials, were
noticed prior to, during and after the recovery of the Phillips'
judgment, and the sale of the property; as well as the incoherent
talk, biting of hands, tearing of hair and improper dressing.

Last year, in June, and subsequent, of course, to the proceed-
ings in the law court, a petition was filed by her guardian in this
court to have her adjudged a lunatic.   Under this application
Cornelius A. Demund, a physician of Ridgewood, Clarence Mabie,
of the Bergen county bar, and Robert Vanderbeck were appointed

commissioners. Upon the findings of these commissioners a decree was entered in this court on August 2d, 1915, that the said Clara L. Sands was of unsound mind and incapable of conducting her affairs or transacting business, and that she had been in that condition for eleven years past.

The findings of the inquisition, which are presumptive evidence of the fact of lunacy, were admitted without objection in the case here before me in this court. The *prima facie* case established by them may be overcome by evidence, but there is practically no testimony before me which would lead to the belief that they were incorrect. The testimony of Mrs. Frederick W. Schwartz and Sheriff Robert M. Heath, witnesses for the defendant, rather strengthens my opinion as to the unsoundness of Mrs. Sands' mind. The evidence of the defendant, while denying knowledge of the lunacy of Mrs. Sands, is to the effect that he knew of her extraordinary actions; and one of the witnesses of the complainant testifies to a conversation with him in which he suggested that steps be taken to have her committed because of her conduct.

Insanity does not, *per se,* vitiate any transaction. I think, however, in the case under consideration that there was such an impairment of Mrs. Sands' mind as to make her incapable of understanding in a reasonable manner the nature and effect of her acts, or the affair in which she was participating. The transaction was affected by her intellectual incompetency. This brings her case within the rule laid down in *Lozear* v. *Shields, 23 N. J. Eq. 510,* and subsequent cases.

In accordance with these views a decree is advised, directing the defendant, upon the payment to him of the money expended for the purchase of the property, with lawful interest up to the time of the institution of this suit, to reconvey the lands to the complainant.